IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES RUSSELL, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-177 |
| | : | |
| v. | : | |
| | : | |
| CORIZON MEDICAL DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

Smith, J.  March 12, 2018

The *pro se* plaintiff, James Russell ("Russell"), commenced this action by filing an application to proceed *in forma pauperis* (the "IFP Application") and a proposed complaint on January 9, 2018.[1] Doc. No. 1. The court reviewed the IFP Application and entered an order on

---

[1] The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275-76 (1988). Although the doctrine arose in the context of habeas corpus petitions, the Third Circuit has extended it to civil actions brought under 42 U.S.C. § 1983. *See Pearson v. Secretary Dep't of Corr.*, 775 F.3d 598, 600 n.2 (3d Cir. 2015) (applying rule in section 1983 action and determining that pro se prisoner plaintiff filed complaint on date he signed it). Here, Russell included a declaration with the complaint in which he states that he provided the complaint to prison authorities on January 9, 2018, for mailing to the clerk of court. *See* Compl. at ECF p. 11, Doc. No. 1-1.
  In the complaint, Russell appears to assert two separate claims relating to two distinct events (or series of events). The first claim relates to an occurrence after he entered prison on May 10, 2017, with pins in his right hand. *See id.* at ECF p. 5. He informed "medical" that he just had surgery and was in pain. *Id.* Despite providing this information to "medical," he did not receive anything for the pain or a "[b]ottom bunk card." *Id.* (alteration to original). He claims that the defendant, Corizon Medical ("Corizon"), "basically denied [him] treatment." *Id.* (alteration to original). He also alleges that he "suffered from my pins sifting [sic] and popping out of [his] hand." *Id.* (alteration to original).
  Russell asserts that some correctional officers and the warden were aware of these problems and sent him to "medical" for treatment, but "medical" would send him back stating that it was not an emergency. *Id.* "Medical" apparently took the pin and sent him back. *Id.* Russell claims that he suffered an infection which caused his hand to swell up for about three weeks until someone from "medical" saw him after he got rid of the infection by using "county soap." *Id.*
  The second claim appears to relate to an incident which occurred on January 6, 2017, at the prison gym. The court notes that it is unclear from the complaint where Russell was incarcerated at this time because he references the Philadelphia Industrial Correctional Center ("PICC"), the "Curran-Fromhold Correctional Facility ("CFCF"), and the City of Philadelphia House of Correction ("HOC"). *See id.* at ECF p. 4 (referencing HOC, CFCF, and PICC as the "institution" where the incident occurred, but also specifically mentioning the HOC gym as the place where the incident occurred). In any event, Russell alleges that he went to the gym and, while playing

January 18, 2018, which denied the IFP Application without prejudice because Russell failed to comply with 28 U.S.C. § 1915(a) insofar as he did not include a certified copy of his prisoner account statement for the six-month period preceding the filing of this action on January 9, 2018. *See* Order at 1, Doc. No. 2. In the order, the court also directed Russell as follows:

> Within thirty (30) days of the date of this order, the plaintiff shall either (1) remit the $350 filing fee and $50 administrative fee to the clerk of court, or (2) file a certified copy of his prisoner account statement showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined from July 9, 2017, through January 9, 2018.

*Id.* at 1.[2] In addition, the court informed Russell that if he did not timely comply with the terms of the order, the court may dismiss the case without prejudice for his failure to prosecute without further notice to him. *See id.* at 2.

Despite the passage of 54 days since the date of the order, Russell has not (1) submitted a certified copy of his prisoner account statement showing all deposits, withdrawals, and a current balance, from any correctional facility in which he was confined from July 9, 2017, through January 9, 2018, or (2) remitted the $350 filing fee and $50 administrative fee to the clerk of court. He has not sought an extension of time to file the *in forma pauperis* application or pay the

---

basketball, slipped and fell to the ground because of a wet spot on the gym floor. *See id.* at ECF p. 6. Russell later learned that the wet spot was due to a leak from the roof. *Id.*

Russell asked a correctional officer stationed at the gym to send him to "medical," but he did not do so and instead sent Russell back to his block. *Id.* Russell then asked the block officer to send him to "medical," but this officer told him to "sleep it off." *Id.* Russell awoke the following morning to find that his right hand was swollen. *Id.*

Russell alleges that he "sustained a broken second [sic]." *Id.* Apparently, it took the prison about a week to send him "out to see somebody and about a couple of days to receive med[ication]." *Id.* (alteration to original).

As for his claim for relief, Russell "want[s] the court to have them pay for my pain and suffering and [for] not given [sic] me the proper medcial [sic] treatment and medical neglect." *Id.* at ECF p. 8 (alterations to original). It appears that Russell is seeking $250,000 in damages. *Id.*

[2] The court also informed Russell that if the court ultimately granted him leave to proceed *in forma pauperis*, (1) he will be obligated to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b), even if the court dismisses his case, and (2) he will not be entitled to the return of any payments made toward the fee. *See* Order at 1-2.

filing and administrative fees. Therefore, Russell has not complied with the court's January 18, 2018 order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The court may also *sua sponte* dismiss an action for lack of prosecution, in the absence of a motion to dismiss, "in order to achieve the orderly and expeditious disposition of cases." *Allen v. American Fed'n of Gov't Emps.*, 317 F. App'x 180, 181 (3d Cir. 2009) (per curiam).

If the court was considering dismissing this action with prejudice for lack of prosecution, the court would undoubtedly have to consider the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994) ("Ordinarily, when a court is determining *sua sponte* or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute" the court must consider the *Poulis* factors); *see also McLaren v. New Jersey Dep't of Educ.*, 462 F. App'x 148, 149 (3d Cir. 2012) (per curiam) ("Typically, district courts are required to evaluate the factors set forth by [*Poulis*] to determine whether dismissal is appropriate."). Here, the court intends to dismiss this action without prejudice and it does not appear that there are any statute of limitations concerns as Russell alleges that the incidents at issue occurred in January 2017 and May 2017. *See* Compl. at ECF pp. 4, 5.[3] Therefore, it does not appear that the court must

---

[3] "The statute of limitations applicable to § 1983 claims in Pennsylvania is two years." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citation omitted). The Third Circuit has required district courts to apply *Poulis* where "a *pro se* litigant's right to bring suit may well be irretrievably lost if the dismissal stands." *Hernandez v. Palakovich*, 293 F. App'x 890, 894 n. 8 (3d Cir. 2008).

consider *Poulis* before dismissing this action without prejudice.[4] Accordingly, the court will dismiss this action without prejudice due to Russell's failure to prosecute.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[4] Even if the court were to consider *Poulis*, dismissal of this action without prejudice would still be appropriate. The six *Poulis* factors are: (1) the extent of the party's personal responsibility; (2) the extent of prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal including an analysis of those alternative sanctions; and (6) the meritoriousness of the claim or defense. 747 F.2d at 868.